The parties were married on April 18, 1970. The marriage produced four children, two who are still minors. On May 27, 1981 a judgment of dissolution was entered. Under the judgment the defendant was ordered to pay the plaintiff periodic unallocated alimony and support of $625 bi-weekly. The defendant was also ordered to pay the plaintiff a total of $90,000 in lump sum non-modifiable alimony that was to be divided into yearly payments, the last payment to be due on January 15, 1991. On June 18, 1989 the defendant lost his job and he subsequently bought a security business which was closed in March of 1991. The defendant has been receiving unemployment compensation CT Page 5626 since the close of his business. The defendant made his last periodic alimony payment in November of 1989. His last lump sum payment was made in 1988.[1] On October 31, 1989 the defendant filed a pro se motion for modification of alimony and support. The plaintiff filed a motion for contempt on November 16, 1989. On December 19, 1989 the defendant filed a motion to transfer the case from the Superior Court in Waterbury to the Superior Court in Hartford. The defendant refiled his motion for modification on January 8, 1991.[2]
CONTEMPT
Here the defendant does not challenge that he failed to comply with the court's orders of support, however, he claims the failure to comply with the court order was due to circumstances beyond his control, namely his inability to pay. "The inability of the defendant to obey an order of the court, without fault on his part, is a good defense to the charge of contempt." Turgeon v. Turgeon,190 Conn. 269 (1983).
The defendant's failure to honor the support order is not without fault. The defendant had considerable income during the two and a half years he failed to honor his support/alimony order. In 1989 he received $76,575 in compensation from Novametrics. In 1990 he received a salary of $27,000 from his company Platinum Security. According to his financial affidavit he had been receiving $280 a week in 1992.
The court notes that during the period in which the defendant has failed to make support payments he has lived a somewhat lavish lifestyle, while his ex-wife and four children have been living in a two-bedroom trailer. He and his new wife live in a house in Guilford, Connecticut. His creditors include Bloomingdale's, Neiman Marcus, Filene's, Jordan Marsh, Saks Fifth Avenue, and Spiegel. During the non-support period the defendant maintained his 36-foot sailboat.[3] The defendant testified that the yearly cost to keep the boat in the water at the marina was $5000, while if he chose to store the boat out of the water he would have saved approximately $2000. Although defendant testified the trips were not costly, during this period he chose to vacation twice in St. Martin and once in Key West. The court also notes that while defendant's salary was only $27,000 from Platinum Security in 1990, the company also paid his stepdaughter, Marcy, who was only nineteen or twenty at the time and living with the defendant a salary of $28,700. Platinum Security also deducted $28,167 in travel and entertainment expenses for 1990.
In reviewing the testimony of the defendant and his financial affidavits, this court finds that he did possess the ability to pay his periodic unallocated support and alimony payments. While CT Page 5627 defendant suffered some financial hardships and economic insecurity, he made conscious and intentional choices how to spend what money he had; within those choices was the decision to not pay for the support and alimony of his prior family. Thus, the court finds him in contempt and the defendant is in arrears for $26,666.74 in lump sum payments and for $35,537.50 in periodic payments.[4]
Modification of Support
General Statutes 46b-86(a) provides that "any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be altered or modified . . . upon a showing of substantial change in circumstances of either party." The plaintiff argues there is no substantial change in circumstances since the defendant was making $27,000 a year at the time of judgment. But at the time of the judgment the defendant was employed, while he is now unemployed. According to defendant's financial affidavit he is only receiving $14,560 a year in unemployment compensation. This definitely constitutes a change in circumstances.
ORDERS
1. The defendant to pay child support at the rate of $114.84 per week while on unemployment compensation. If his benefits run out all payments will be suspended however, and arrearage will build at the above rate.
2. The defendant is to notify the plaintiff's counsel immediately when he begins a new job. At minimum the $114.84 per week order will begin two weeks after employment
3. That once the boat is sold the defendant pay to the plaintiff's counsel $25,000 with a certified bank check
4. That the lump sum arrearage of $26,666.72 will generate 4% per year interest compounded monthly until paid in full by the defendant. Said interest shall begin to accumulate in August 1992.